﻿Citation Nr: AXXXXXXXX
Decision Date: 06/25/19 Archive Date: 06/24/19

DOCKET NO. 180829-616
DATE: June 25, 2019

ORDER

Service connection for obstructive sleep apnea is denied. 

FINDINGS OF FACT

1. The Veteran had active service from March 1964 to February 1968. 

2. The current diagnosis of obstructive sleep apnea was not shown in service, is not causally or etiologically related to service, and was not caused by or permanently worsened in severity by a service-connected disability.

CONCLUSION OF LAW

Sleep apnea was not incurred in service nor is it proximately due to, aggravated by, or the result of a service-connected disability. 38 U.S.C. §§ 1110, 5103(a), 5103A, 5107 (2012); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.310 (2018).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program.

The Veteran selected the Higher Level Review lane when he submitted the RAMP election form in May 2018. Accordingly, the August 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. He timely appealed this RAMP rating decision to the Board in August 2018 and requested a hearing with new evidence submission. However, he did not attend his hearing which was scheduled for May 2019. 

Service connection may be granted on a direct basis as a result of disease or injury incurred in service based on nexus using a three-element test: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred in or aggravated by service. See 38 C.F.R. §§ 3.303(a), (d); Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009). 

Service connection may be granted on a secondary basis for a disability which is aggravated by, proximately due to, or the result of a service-connected disease or injury under 38 C.F.R. § 3.310. Allen v. Brown, 7 Vet. App. 439 (1995). In order to establish service connection on a secondary basis, there must be (1) evidence of a current disability; (2) evidence of a service-connected disability; and (3) medical evidence establishing a link between the service-connected disability and the current disability. See Wallin v. West, 11 Vet. App. 509, 512 (1998).

The Veteran contends that sleep apnea was caused by service, or in the alternative, that sleep apnea is a result of service-connected PTSD. The AOJ has found that the Veteran has a diagnosis of sleep apnea. Thus, the first element of service connection is met. 

Next, service treatment records are negative for any complaints, diagnoses, or treatment for a sleep disorder. The Veteran never reported sleep difficulties or symptoms reasonably attributed to sleep apnea. The February 1968 separation examination did not indicate sleep apnea or any symptoms associated with it. Therefore, the second element (in-service incurrence) is not met. 

Nonetheless, the Veteran has submitted multiple statements claiming that he snored during service and had trouble breathing in his sleep. As a current disorder is currently shown and the Veteran has asserted sleep apnea since service, the Board will consider whether the third element - a medical nexus - is established between the current diagnosis and his lay statements.

In May 2016, a VA examiner opined that sleep apnea was less likely than not caused by service. The examiner noted that the Veteran was not diagnosed with sleep apnea until 14 years after service. Despite lay statements that he snored during service, the examiner explained that snoring was fairly common and it was not a definitive sign of sleep apnea. 

Additionally, observing episodes of apnea was not reliable evidence of obstructive sleep apnea. Sleep apnea must be diagnosed by a sleep study conducted by medical professionals. Thus, the examiner did not find the lay statements to be competent and found no relationship between the Veteran’s service and diagnosis of sleep apnea. 

There are no medical opinions to the contrary. As such, there is no medical evidence of a nexus between the Veteran’s sleep apnea and service. Therefore, direct service connection is not warranted. 

The Veteran also contends that sleep apnea is secondary to posttraumatic stress disorder (PTSD). He has a current diagnosis of sleep apnea and he is service-connected for PTSD. Thus, the threshold question is whether sleep apnea is related to PTSD. 

In May 2019, the Veteran’s private physician opined that sleep apnea was at least as likely as not the result of service-connected PTSD. The clinician reasoned that based on a study by researchers at Walter Reed Army Medical Center which indicated that veterans with PTSD often suffered sleep problems and two thirds of those patients suffered from sleep apnea. Therefore, he concluded that the Veteran’s sleep apnea was likely related to his PTSD. 

In May 2016, a VA examiner opined that sleep apnea was not caused by or aggravated beyond its natural progression due to PTSD. The examiner noted that while PTSD may result in sleep disorders, there was no study or evidence to relate PTSD as an aggravating cause of sleep apnea. While the examiner acknowledged the private opinion based on a medical study, the examiner indicated that the study was speculative and did not offer conclusive evidence. Instead, the examiner stated that more common causes of sleep apnea were excess weight and obesity. 

Weighing the evidence, the Board places more probative value on the VA examiner’s opinion because it offered a more thorough rationale, whereas the private opinion relied on speculation. As such, the medical evidence does not support a link between the Veteran’s sleep apnea and service-connected PTSD. Therefore, secondary service connection is not warranted. 

The Board has considered the Veteran’s lay statements and those of his wife and fellow service members that sleep apnea was related to service. They are competent to report symptoms and observations because this requires only personal knowledge as it comes to them through their senses. However, they are not competent to offer an opinion as to the etiology of sleep apnea due to the medical complexity of the matter involved. 

According to the competent medical evidence, snoring, episodes of observed stopping breathing, or a feeling of fatigue alone are not sufficient to diagnose sleep apnea. Rather, the Veteran was diagnosed with sleep apnea only after undergoing a sleep study interpreted by a medical professional in 1980. Therefore, a layperson’s diagnosis of the onset of sleep apnea is not competent evidence. 

Moreover, the Board places less probative value on the Veteran’s statements regarding persistent symptoms associated with sleep apnea in service. Although he now maintains that he had sleep apnea symptoms in service and since, the objective evidence shows that he never reported any problems suggestive of sleep apnea and never reported that anyone else indicated that he had any trouble sleeping at night. 

In this regard, there are no reports of fatigue, daytime somnolence, or trouble sleeping in any of the service treatment records. The absence of findings or treatment for a sleep disorder or complaints relating to fatigue during service, in this context, is highly probative contemporaneous evidence that he did not have characteristic manifestations of sleep apnea in service. 

Competent evidence has been provided by the medical personnel who have examined the Veteran during the current appeal and by service records obtained and associated with the claims file. Here, the Board attaches greater probative weight to the examination report and clinical findings than to his statements. 

In light of the above discussion, the preponderance of the evidence is against the claim for service connection and there is no doubt to be otherwise resolved. As such, the appeal is denied.

Finally, the Veteran has not raised any other issues, nor have any other issues been reasonably raised by the record, for the Board’s consideration. See Doucette v. Shulkin, 28 Vet. App. 366, 369-370 (2017) (confirming that the Board is not 

 

required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record).

 

L. HOWELL

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD T. Kokolas, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.